IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL D. DUGAN, | ) | CASE NO. 8:07CV3169 |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DARRELL JOHNSON, Sheriff of Cheyenne, Nebraska, and CHRISTOPER SINGPIEL, Sheriff of Garden County, Nebraska. | ) | |
| Respondents. | ) | |

This matter is before the Court on the Application of Michael M. Dugan For a Writ of Habeas Corpus Amended (Filing No. 10). The petitioner, Michael Dugan, attached a copy of the Waiver of Extradition to the application. (Filing No. 10, Exh. A). The Respondents Darrell Johnson, Sheriff of Cheyenne County, Nebraska, and Christopher Singpiel, Sheriff of Garden County, Nebraska, filed a Motion to Dismiss (Filing No. 16) and Brief in Support of Motion to Dismiss (Filing No. 17), opposing Dugan's application. Dugan has filed a Response to Motion to Dismiss (Filing No. 18).

Dugan argues in his application for a writ of habeas corpus that he was: (1) illegally seized and detained in the State of Wyoming based upon an invalid arrest warrant issued in the State of Nebraska; (2) deprived of his constitutional right to due process because he was not presented to a judge or magistrate in the State of Wyoming; (3) subjected to an illegal seizure by representatives of the Cheyenne County, Nebraska, Sheriff's Office in the State of Wyoming; (4) deprived of his constitutional right to liberty by his seizure and removal from the State of Wyoming; (5) deprived of his constitutional right to legal counsel at the time he signed the waiver of extradition; and (6) subjected to an invalid waiver of extradition because the identification of a person other than Dugan appeared on the waiver document.

Dugan additionally stated in his application that he was scheduled to begin separate jury trials on October 3, 2007, in Cheyenne County District Court in Sidney, Nebraska, and on October 24, 2007, in Garden County District Court in Oshkosh, Nebraska. Dugan requested an order staying these trials pending a hearing and determination from this Court regarding the legality of his allegedly illegal restraint. Dugan also requested this Court set reasonable bail and order the U.S. Marshal to serve process in this case without repayment of fees.

On November 5, 2007, the Court ordered Dugan to file a status report by November 13, 2007, informing the Court of the current state and disposition of his jury trials that had been scheduled for October 3, 2007, and October 24, 2007. Dugan informed the Court that a jury trial was held in the case captioned *State of Nebraska v. Michael Dugan* on October 3, 4 and 5, 2007, in the Cheyenne County District Court, and that the jury found him guilty of one count of Theft By Unlawful Taking. A motion for a new trial was filed by the defense, and sentencing has been scheduled for November 27, 2007. Dugan also informed the Court that a plea agreement was reached on October 23, 2007, in the case captioned *State of Nebraska v. Michael Dugan*, in the Garden County District Court. Under the plea agreement, Dugan entered a plea of no contest to one count each of Theft By Unlawful Taking, False Imprisonment, and Operating a Motor Vehicle to Avoid Arrest.

Accordingly, the Court finds Dugan's application for a writ of habeas corpus should be denied as moot. The Court concludes that by entering a plea in the Garden County action, Dugan has implicitly agreed physically to remain and serve a sentence for crimes committed within the State of Nebraska. Therefore, the petitioner's claims arising prior to entering a plea of no contest cannot provide a basis for habeas relief. Furthermore,

> "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Although the petitioner did not plead guilty, a plea of nolo contendere, like a plea of guilty, waives all nonjurisdictional defects occurring prior to entry of that plea. See *U.S. v. Clark*, 459 F.2d 977, 978 (8th Cir.1972).
> Where the petitioner is represented by counsel and voluntarily enters a plea, a conviction on a plea of nolo contendere forecloses collateral attack on all non-jurisdictional issues. *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989).

*Clark v. Bakewell*, 2007 WL 2572442, at *3 (D. Neb., Sept. 28, 2007). Moreover, Dugan's conviction in the Cheyenne County District Court cannot serve as a bar to any alleged defects in Dugan's extradition. See *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("constitution does not require a court to permit a guilty person convicted of a crime to escape justice because he was brought to trial against his will"), *rehearing denied*, 343 U.S. 937 (1952). Assuming *arguendo*, that the Court had reviewed this case prior to the entry of Dugan's plea, the Court further finds that despite an inaccuracy in the notary's oath, Dugan failed to provide any evidence that he was coerced to sign the waiver or did not generally understand the consequences of signing the waiver. Upon consideration,

IT IS ORDERED:

1. The Application of Michael M. Dugan For a Writ of Habeas Corpus Amended (Filing No. 10) is denied as moot; and
2. The Respondents' Motion To Dismiss (Filing No. 16) is denied as moot.

DATED this 20th day of November, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge